IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | No. 13 CR 772-2 |
| | ) | |
| Joseph Faulkner | ) | |
| | ) | |
| | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

This multi-defendant case charges putative members of the Insane Imperial Vice Lords street gang with a range of unlawful conduct including racketeering, armed violence, and drug distribution. Defendant Joseph Faulkner, allegedly a high-ranking member of the gang, is charged in Counts I (racketeering conspiracy), II (conspiracy to commit assault with a dangerous weapon), III (use of a firearm during a crime of violence), and IX (conspiracy to distribute heroin, cocaine, and marijuana). Faulkner previously pled guilty, in Case No. 11 CR 120 (N.D. Ill.), to a two-count superseding information charging the use of a communication facility in facilitation of a drug-related felony.

On September 8, 2014, Faulkner filed a *pro se* motion to dismiss the indictment in this case, arguing that because his sentence in the earlier case reflected enhancements for the same drug- and firearm-related conduct that is at the heart of the

current charges against him, these charges amount to an unconstitutional attempt to punish him twice for the same criminal conduct. The government responded that Faulkner's argument is barred by *Witte v. U.S.* 515 U.S. 389 (1995), and Faulkner filed a counseled reply—two, actually[1]—in which he argues that *Witte* notwithstanding, double jeopardy principles compel dismissal of the instant indictment. For the following reasons, I deny Faulkner's motion.

I.

Faulkner's plea agreement in his 2011 case stated that on December 27, 2007, and February 28, 2008, Faulkner had telephone conversations with an individual who was, unbeknownst to Faulkner, cooperating with the government. During these conversations, Faulkner agreed to meet the individual to conduct drug transactions. The transactions were later completed as arranged. At sentencing, the parties and the court agreed that the correct guidelines sentencing range was 57-71 months, but the government sought and received an above guidelines sentence

---

[1] The briefing schedule entered on defendant's motion provided that any reply by defendant was to be filed by October 2, 2014. Faulkner's counsel did, indeed, file a reply on that date, then filed a second, unauthorized "additional" reply on October 6, 2014 (the day before ruling was to issue). Although the latter document was captioned "Defendant's Motion to File Additional Reply Combined With His Additional Reply in Support of Defendant's Motion to Dismiss Based Upon Former Jeopardy," it was neither filed as a motion on the docket nor noticed for hearing as L.R. 5.3 requires of all motions.

on the ground that § 3552(a) factors supported such an enhancement. Specifically, the government pointed to Faulkner's previous convictions for armed violence and fleeing from the police with a firearm, as well as Faulkner's own admission to extensive heroin trafficking over a period of roughly fifteen years. The court concluded that an above-guidelines sentence was warranted because Faulkner's "criminal history is not accurately reflective of the person that he actually was, the level of drug dealing that he was engaged in, and the serious impact that it has on the community." The district court also noted that the characteristically violent nature of drug distribution "is reflected in some of the past history of the defendant."

II.

The Double Jeopardy Clause of the Fifth Amendment provides that no person "shall be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. It "affords a defendant three basic protections," prohibiting: 1) a second prosecution for the same offense after an acquittal, 2) a second prosecution for the same offense after conviction, and 3) multiple punishments for the same offense." *Ohio v. Johnson*, 467 U.S. 493, 498 (1984). In *Witte v. U.S.*, 515 U.S. 389 (1995), the Court held that prosecution for conduct that was

3

previously the basis for a sentencing enhancement in a separate case did not violate the Double Jeopardy Clause.

In *Witte*, the defendant pled guilty to a charge of attempting to possess marijuana with the intent to distribute. *Id*. at 393. At sentencing, the court considered evidence that the defendant was also involved in cocaine transactions and enhanced his sentence based on that conduct. *Id*. at 393-94. Defendant argued that his later prosecution for the cocaine offenses violated the Double Jeopardy Clause.

The Court rejected Witte's argument, holding that "the use of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause." *Witte*, 515 U.S. at 399 (citing *Williams v. Oklahoma*, 358 U.S. 576 (1959)). The Court reiterated its explicit rejection, in *Williams*, of "the claim that double jeopardy principles bar a later prosecution or punishment for criminal activity where that activity has been considered at sentencing for a separate crime." *Id*. at 389. *See also Watts*, 519 U.S. at 154 ("sentencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction") (*per curiam*) (citing *Witte*, 515 U.S. at 402-03).

4

Turning to the present case, I note at the outset that as Faulkner acknowledges, he bears the burden of establishing, *prima facie*, that both prosecutions are for the same offense, i.e., that the conduct used to enhance his sentencing in the 2011 case is the same as the conduct charged in the indictment in this case. *See United States v. Doyle*, 121 F.3d 1078, 1089 (7th Cir. 1997). In this connection, while the government acknowledges an "overlap" between the conduct considered at sentencing and the conduct charged in Counts I and IX, Faulkner points to no evidence that the specific conduct alleged in Counts II and III, which relate to violent conduct allegedly committed on January 15, 2010, was considered by Judge Kendall at his earlier sentencing. Faulkner argues that Judge Kendall "made frequent references to the use of firearms," and to "Mr. Faulkner's regular use of guns during gang activity and numerous acts of armed violence." But general statements such as these do not, without more, establish that she considered the specific conduct alleged in Counts II and III. I need not linger on this issue, however, because even assuming that Faulkner had made a prima facie showing that all four counts in the instant case were considered at his previous sentencing, his double jeopardy argument runs headlong into *Witte*.

Tacitly conceding that *Witte*, on its face, bars his double jeopardy claim, Faulkner attacks the Court's rationale as

5

"befuddling" and insists that the case is "antiquated, as subsequent Supreme Court Decisions have altered sentencing perceptions." But while the cases Faulkner cites—*Apprendi v. New Jersey*, 530 U.S. 446 (2000), *U.S. v. Booker*, 543 U.S. 220 (2005), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013) (overruling *Harris v. United States*, 536 U.S. 545 (2002))—have unquestionably cabined the discretion of sentencing judges to impose sentences outside the range authorized by a jury verdict, none of these cases overrules the principle articulated in *Witte* and *Watts*. Indeed, in *U.S. v. Waltower*, 643 F.3d 572 (7th Cir. 2011), the Seventh Circuit explained at length why *Watts* remains good law in the wake of *Apprendi* and *Booker*. *Id*. at 575-578 (observing that *Watts* has not been "overturned by the Supreme Court's line of cases beginning with *Apprendi*" and explaining that, to the contrary, "*Booker* itself suggests that *Watts* is still good law.").

Nor does Faulkner's argument gain any traction from his citation to *United States v. Gurley*, 860 F. Supp. 2d 95 (D. Mass. 2012), which explicitly addressed "the exact issue" that was not before the Court in *Witte* and *Watts,* and is not before me in this case, namely, "whether the jury verdict authorized" the sentencing enhancement at issue. *Id*. at 115.

Finally, for the sake of completeness, I briefly address the four-sentence argument Faulkner raises in his unauthorized,

6

"additional reply," which is that the Double Jeopardy Clause bars his prosecution because the government agreed to dismiss the original indictment in his 2011 case with prejudice at the time of sentencing. In this connection, Faulkner offers an unadorned citation to the Seventh Circuit's observation, in *United States v. Davis*, 2014 WL 4402121 (7th Cir. 2014) that dismissal with prejudice means the government is "surrendering the ability to reindict the defendant[]." *Davis*, however, was about the finality of a lower court decision for the purpose of appeal, and had nothing at all to do with application of the Double Jeopardy Clause. Faulkner's belated, barebones contention that *Davis* compels dismissal of the indictment in this case is unavailing.

### III.

For the foregoing reasons, defendant Faulkner's motion to dismiss the indictment on grounds of double jeopardy is denied.

**ENTER ORDER:**

_____

**Elaine E. Bucklo**
United States District Judge

Dated: October 9, 2014

7